

**VIKING ADVOCATES, LLC**

**AARON LUKKEN**
Attorney, Managing Member

+1.816.683.7900
*lukken@vikinglaw.us*
6525 Charlotte Street
Kansas City, MO 64131 USA

Joshua Ruhlmann
Mann, Wyatt & Rice, LLC
201 E. 1st Avenue
Hutchinson, KS 67501

May 27, 2025

**Re: Service in Spain**
*(Q.R. v. Techpump Solutions)*

Dear Josh:

Thank you for contacting us last week regarding service on Techpump Solutions, SL in the *Q.R.* matter. As you know, service in Spain must be effected in accordance with the Hague Service Convention (HSC). Although options are available, the only truly tenable approach is a Request to Spain's Hague Central Authority pursuant to Article 5. Costs and anticipated time frame follow. (*Specific documents to translate and ship, from D. Kan. 6:25-cv-01095: Summons; Complaint with Exhibit A; Civil Cover Sheet.*)

**Option 1:** Request to Central Authority, pursuant to Article 5 of the Convention, *est. 9-12 months to proof*\*

| | |
|---|---|
| Preparation of Hague request forms and dispatch to Central Authority: $1,600 first defendant/case, $1,300 each add'l | $1,600 |
| Translation into Spanish (unless competency can be proven) | $1,550 |
| Translation of Proof of Service** | *Billed subsequently* |
| Printing & shipping to Central Authority*** | $200 |
| **Due in advance** (*single defendant*) | **$3,350** |

\* Note the safe harbor provided by Rule 4(m). Rather than a 90-day service deadline, a reasonable diligence standard applies.
\*\*Should not be necessary, but local authorities sometimes return Spanish-only proofs directly to us, rather than to the Central Authority for issuance of the bi-lingual certificate.
\*\*\* All documents, including translations, must be submitted in duplicate.

This engagement is not effective until we have received (a) pre-payment via check or electronic transfer; and (b) a copy of this letter, ***countersigned by counsel***. My firm's Terms of Agreement[1] accompany this letter and are incorporated herein. I am happy to answer whatever additional questions you may have and appreciate the opportunity to work with you.

My most sincere thanks,

Aaron Lukken, Managing Member
Viking Advocates, LLC

Agreed to and accepted by:

_____ 5/27/25
(Signature & date)

Joshua Ruhlmann - Attorney
(Printed name & title)
***for Mann, Wyatt & Rice, LLC***

---

[1] *Viking Terms 2025-01-01.pdf*

**EXHIBIT A**



**AARON LUKKEN**

Attorney, Managing Member

+1.816.683.7900
lukken@vikinglaw.us
6525 Charlotte Street
Kansas City, MO 64131 USA

Joshua Ruhlmann
Mann, Wyatt & Rice, LLC
201 E. 1st Avenue
Hutchinson, KS 67501

May 27, 2025

**Re: Service in Québec**
*(Q.R. v. ICF Technology)*

Dear Josh:

Thank you for contacting us last week regarding service on 4355768 Canada Inc., your Québec defendant in the *Q.R.* matter (D. Kan. 6:25-cv-01093). As we discussed, service in Canada must be effected pursuant to the Hague Service Convention (HSC), but this affords three options in Québec specifically: a request to the provincial Central Authority, direct engagement with a judicial officer (*huissier de justice*/bailiff), or mail. The following illustrates only the second option, which I recommend wholeheartedly.

**Direct Access to Judicial Officer**, Article 10(b), *3-4 weeks to proof*

| | |
|---|---|
| Retainer of *hussier de justice* (bailiff) and preparation of proof documentation: $2,000 first defendant/case, $1,800 each additional | $2,000 |
| Translation into French [1] | n/a |
| Printing (by bailiff) [2] | Waived |
| **Due in advance** *(single defendant)* | **$2,000** |

This engagement is not effective until we have received (a) pre-payment via check or electronic transfer; and (b) a copy of this letter, ***countersigned by counsel***. My firm's Terms of Agreement[3] accompany this letter and are incorporated herein. I am happy to answer whatever additional questions you may have and appreciate the opportunity to work with you.

My most sincere thanks,

Aaron Lukken, Managing Member
Viking Advocates, LLC

Agreed to and accepted by:

_____ 5/27/25
(Signature & date)

Joshua Ruhlmann - Attorney
(Printed name & title)
*for Mann, Wyatt & Rice, LLC*

---

[1] Translation is **not** required for service under Article 10, and my preferred *huissier* is willing to serve without French documents, provided the individual defendant is clearly competent in English (the same question arises under U.S due process analysis). The form of proof provided is a variant of the Certificate prescribed by Article 6 for service effected by a Central Authority—modified to reflect to appropriate Article involved. If the court rejects this form of proof, a French affidavit is also provided, but would need to be translated at additional cost.
[2] Presumes fewer than 100 pages to serve.
[3] *Viking Terms 2025-01-01.pdf*